FARMERS GIN CO. *v.* ST. PAUL MERCURY INDEMNITY CO.

(Division B.  Oct. 16, 1939.)

[191 So. 415.  No. 33811.]

748

**Bob Ray** and **Vardaman S. Dunn,** both of Jackson, for appellant.

Watkins & Eager, of Jackson, for appellee.

**McGowen, J.,** delivered the opinion of the court.

This case is the sequel of Farmers Gin Company v. Leach, 178 Miss. 784, 174 So. 566, in which case Mrs. Leach recovered on a jury verdict and judgment for $7,500 for the death of her husband against the Farmers Gin Company, and a statement of that case is found in the above mentioned report. The record in that case was made a part of the record in this case. In the case at bar, the Farmers Gin Company sued the Saint Paul Mercury Indemnity Company upon its contract of public liability insurance for the excess of that judgment above the liability limit of $5,000, fixed in the insurance contract which the indemnity company had issued to the gin company. On the trial of the case now before

us, the court below gave a peremptory instruction for the indemnity company, and appeal is prosecuted here by the insured, Farmers Gin Company.

In the case of Georgia Casualty Company v. Cotton Mills Products Company, 159 Miss. 396, 132 So. 73, the Court had before it a policy of insurance which cannot be differentiated from the policy in suit in this case. However, the allegations in this case on separate counts is that the indemnity company was negligent because it did not settle the case within the limits of the policy, and, upon the same facts charged, that the indemnity company was guilty of fraud.

In the Georgia Casualty case, supra, we had before us a policy issued to an employer covering liability to employees for injuries received in the course of employment, which required the insurer to defend a suit against an employer in the name and on behalf of the assured, required the insurer to pay all expenses incurred, including court costs assessed against insured, regardless of policy limits; required assured to give to insurer all cooperation and assistance possible; gave insurer the right to settle any claim or suit at its own cost at any time; and prohibited assured from voluntarily assuming any liability or incurring any expense or settling any claim except at its own cost without written consent of insurer, nor interfere in any negotiations for settlement or in any legal proceedings conducted by insurer on account of any claim. After the injured employee had recovered judgment on his claim for an amount in excess of the policy limits, the insurer deemed the amount recovered excessive, appealed, and judgment of the lower court was sustained. Before the appeal, the insurer had an opportunity to settle the judgment for an amount less than the policy limits, but it refused to do so because it deemed the offered settlement unreasonable. In that case, we held that negligence could not be predicated on the failure of the insurer to exercise the option or reservation made for the benefit of optioner, such as insurer's

right to settle. In the case at bar, all of these elements appear.

There is no ambiguity in the contract before us at this time. It is as plain as the one before us in the Georgia Casualty case, and this case is controlled as to legal principles in that case. The evidence in the case at bar shows that the Leach case, supra, was properly defended by competent counsel, with full investigation of the facts, and that, in addition to two firms of lawyers employed by the indemnity company, upon its invitation, the Farmers Gin Company had its own attorneys appear in the defense of that case. When the verdict was rendered, the case was appealed to this Court upon the belief of counsel engaged in the case that the gin company was entitled to a peremptory instruction as against Mrs. Leach. Counsel for the gin company signed the brief with counsel for the indemnity company. In the record of the Leach case, the trial judge, in passing upon the motion for a peremptory instruction of the gin company, said that the case was "a close one" on the law point involved.

There is no dispute but that the presentation of the case in the trial and the appellate courts was conducted with diligence and ability. The attorney for Mrs. Leach testified that he regarded it as a serious question as to whether or not the case made by him was one for the jury, and he further testified that in his opinion his client's intestate had been guilty of gross negligence therein. There is no evidence of any negligence in the manner of the investigation and conduct of the trial by the indemnity company and its attorneys from the time they received notice of the death of Leach until the conclusion of the case. It is undisputed that it paid $5,600 which was the limit of the policy, with the damages on appeal and costs added thereto. The President of the Farmers Gin Company, believing there was liability on the part of its company, wrote a letter, which was signed by Mrs. Leach, offering to settle the case for $4,000 cash and about $600 additional for the cost of the funeral and

a cemetery lot. This offer was made before the trial of the case in the lower court. This letter was forwarded to the attorneys for the indemnity company by the gin company, with an urgent request that the case be settled on that basis. These attorneys declined to settle, but said in their reply that they would consider a settlement of $2,000 or $2,500. No settlement was effected, but the Farmers Gin Company paid the complaining parties $1,-500, and took a release of any liability on its part in excess of $5,000. An examination of the opinion in the Leach case shows that counsel. for the indemnity company, the trial judge, and counsel for the plaintiff, were mistaken in their view of the law applicable to the facts of the case. Under the rule announced in the Georgia Casualty Company case, of course, there was no negligence shown here such as would bind the indemnity company to pay above the limits prescribed in the policy.

Do these facts constitute fraud? We unhesitatingly say they do not. There is no evidence of lack of diligence such as to constitute a fraud upon the insurer, or on the part of the indemnity company and its attorneys. There is no evidence of any willful oppression on their part amounting to fraud, nor can it be said that their action in declining to make settlement when called on to do so, entirely at its expense, constituted arbitrary action, or was not in good faith. The indemnity company, through its attorneys, the trial court, and the attorneys prosecuting the suit for the injury, were mistaken in their view of the law. In the absence of proof of a refusal to properly investigate the case, or conduct defense of it fairly, without willful opression, or arbitrary action in refusing to settle the case was so unreasonable as to constitute fraud, there can be no liability on the policy beyond the limits therein agreed to by the parties thereto.

Affirmed.